UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURIN, INC., <br><br>            Plaintiff, <br><br> v. <br><br> MAGNOLIA MEDICAL TECHNOLOGIES, INC., <br><br>            Defendant. | Case No.:  18cv1060-L-LL <br><br> **ORDER GRANTING JOINT MOTION TO EXTEND TIME TO PREPARE JOINT DISCOVERY PLAN AND INITIAL DISCLOSURES** <br><br> **[ECF No. 22]** |

On January 18, 2019, the Parties filed a "Joint Motion to Extend Time To Prepare Joint Discovery Plan and Initial Disclosures."  ECF No. 22.  The Parties seek an extension of the deadlines to: (1) meet and confer pursuant to Federal Rule of Civil Procedure 26(f); (2) file a Joint Discovery Plan on the CM/ECF system; and (3) exchange initial disclosures. Id.

On November 30, 2018, the Court held a telephonic case management conference regarding the status of the Parties' settlement discussions.  ECF No. 17.  Per the Parties' request, the Court made itself available again on January 10, 2019.  ECF No. 19.  During this conference, the Parties requested that the Court set dates for the Parties to: (1) meet and confer pursuant to Federal Rule of Civil Procedure 26(f); (2) file a Joint Discovery Plan on the CM/ECF system; and (3) exchange initial disclosures.

Under Federal Rule of Civil Procedure 26(f), the Parties "must confer as soon as practicable" and "in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." This case was originally filed on May 29, 2018. ECF No. 1. A Scheduling Order was issued on December 3, 2018. ECF No. 18. Despite this, the Parties waited until January 10, 2019 to request that the Court set dates for their Rule 26(f) meeting, to file a Joint Discovery Plan, and exchange initial disclosures. On January 11, 2019, per the Parties' request, the Court did so. ECF No. 20. On January 17, 2019, the Court made itself available for a third time to discuss the Parties' settlement efforts. ECF No. 21.

The Parties now argue "[g]ood cause exists" to grant their extension request "because the parties have been actively progressing in settlement negotiations in good faith" and "both parties agree that an extension would assist those efforts." ECF No. 22 at 2. The Parties do not explain how the requested extension will assist in their settlement efforts.

The Court further notes the instant motion was not filed until January 18, 2019, the deadline originally set for the Parties to meet and confer. See ECF Nos. 20, 22. The Parties' failure to request an extension in a timely manner demonstrates a lack of diligence in adhering to the Court's deadlines.

Notwithstanding these significant issues, the Parties' requested extension is brief. For these reasons, the Court **GRANTS** the Parties' motion as follows:

1.    The deadline for the Parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) is continued to **January 25, 2019**.

2.    The deadline for the Parties to file a Joint Discovery Plan on the CM/ECF system is continued to **February 1, 2019**.

3.    The deadline for the Parties to exchange initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1)(A-D) is continued to **February 1, 2019**.

The Parties' state they "do not plan on entering into any subsequent stipulation for extension of time to these dates." ECF No. 22 at 2. The Parties are advised the Court will

1  not continually amend these deadlines or any deadline set by the Court's Scheduling Order

2  [ECF No. 18] without good cause.

3       All other deadlines and requirements remain as previously set.  <u>See</u> ECF Nos. 18,

4  20.

5       **IT IS SO ORDERED.**

6

7  Dated:  January 23, 2019

8                                                    _____

9                                                    Honorable Linda Lopez
                                                     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28