UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURIN, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>MAGNOLIA MEDICAL TECHNOLOGIES, INC.,<br><br>         Defendant. | Case No.: 18cv1060-L-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DENYING AS MOOT DEFENDANT'S REQUEST FOR A LIMITED STAY OF DISCOVERY**<br><br>**[ECF No. 34]** |

Currently before the Court is Plaintiff Kurin, Inc.'s ("Kurin")'s "Motion to Compel Production of Documents Responsive to Plaintiff's First Request for Production of Documents" [ECF No. 34 ("Mot.")] and Defendant Magnolia Medical Technologies, Inc.'s Opposition [ECF No. 36 ("Opp.")].

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Compel.

## RELEVANT BACKGROUND

The instant dispute arises from: (1) Defendant's responses to Plaintiff's Requests for Production ("RFP") Nos. 5-10; and (2) Defendant's request to stay further responses to Plaintiff's RFPs Nos. 5-10 until Defendant's Motion for Partial Judgment on the Pleadings [ECF No. 28] has been resolved.

1

## I. Plaintiff's Requests for Production Nos. 5-10

Plaintiff alleges that on January 29, 2019, it served its First Set of RFPs on Defendant. ECF No. 34 at 2. Plaintiff asserts RFP Nos. 5-10 "each seek information relating to representations regarding the prescription nature of Steripath, its classification and regulation by the FDA, and related internal and external communications." Id.

Specifically:

- RFP No. 5 requests "all documents relating to any statement by [Defendant] that the Steripath device is available by prescription only."
- RFP No. 6 requests "all documents relating to any evaluation regarding the FDA classification of the Steripath device."
- RFP No. 7 requests "all documents relating to regulation of the Steripath device by the FDA."
- RFP No. 8 requests "all communications between [Defendant] and the FDA relating to the Steripath device."
- RFP No. 9 requests "all documents relating to any determination that the Steripath device is a Class I device."
- RFP No. 10 requests "all documents relating to any determination that the Steripath device is not a Class II device."

Mot., Ex. A at 7-10.

On February 28, 2019, Defendant served its responses to Plaintiff's First Set of Requests for Production. See Mot., Ex. A. In its responses, Defendant: (1) objected to each of RFPs Nos. 5-10 on the basis of overbreadth, undue burden, proportionality, and privilege; and (2) responded that:

> Magnolia will not produce documents responsive to this Request because Kurin's allegations relating to the FDA classification of Magnolia's Steripath device are subject to preemption or preclusion as a result of FDA regulations.

Id. at 7-10.

## II. Defendant's Motion for Partial Judgment on the Pleadings

On March 5, 2019, Defendant filed a Motion for Partial Judgment on the Pleadings. ECF No. 28. In its Motion, Defendant requests that Plaintiff's Lanham Act and state law claims be dismissed "to the extent they are based upon Magnolia's Class I designation for the Steripath device and the inclusion of 'X Only' on Steripath labeling" alleging these claims are "precluded and preempted by the FDCA and raise issues within the primary jurisdiction of the FDA." Id. at 12-13.

On March 25, 2019, Plaintiff filed its response to Defendant's Motion, arguing Plaintiff's claims only "require adjudication as to whether Magnolia's marketing misleads consumers to believe that Steripath has actually been reviewed and cleared by the FDA, when it is undisputed that Steripath has been neither reviewed nor cleared by the FDA." ECF No. 29 at 5-6. Accordingly, Plaintiff argues that "[w]hether Magnolia is misrepresenting that Steripath has been cleared does not require this Court to consider any determination of the FDA to evaluate whether there has been any violation of the FDCA." Id. at 6.

On April 1, 2019, Defendant filed its reply asserting that despite Plaintiff's representations, Plaintiff's Lanham Act and state law claims are entirely based on: (1) the claimed misclassification of the Steripath device; and (2) the inclusion of the statement "RX Only" on Defendant's product labeling—both of which fall under the exclusive purview of the FDA. See ECF No. 35.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." Id. at 34(b)(2)(B).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26." Bryant v. Ochoa, 2009 U.S. Dist. LEXIS 42339, at *3 (S.D. Cal. May 14, 2009) (internal citations omitted). Thereafter, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. (internal citations omitted).

## ANALYSIS

In its Motion, Plaintiff argues RFPs Nos. 5-10 seek documents "probative of whether Magnolia's statements mislead consumers into believing the Steripath device has undergone FDA review, approval or clearance." Mot. at 3. Specifically, Plaintiff asserts that "[i]nternal communications and decision-making as well as correspondence with the FDA will have a tendency to prove whether Magnolia's statements are false or misleading and whether consumers have actually been misled." Id.

In its Opposition, Defendant argues that: (1) RFP Nos. 5-10 seek information "relevant only to claims which are subject to dismissal" pursuant to Defendant's pending Motion for Partial Judgment on the Pleadings [ECF No. 28]; (2) both Parties allegedly agree that the Court does not have the jurisdiction to determine whether the Steripath device was properly classified and/or regulated; and (3) contrary to Plaintiff's arguments, RFPs Nos. 5-10 "make no mention of consumers" and "have nothing to do with consumers or statements to consumers" and as such seek irrelevant information even if Defendant's Motion for Partial Judgment on the Pleadings is denied. Opp. at 4-5.

The Court agrees Plaintiff has not adequately demonstrated relevance, even if Defendant's Motion for Partial Judgment on the Pleadings is denied. In its Response to Defendant's Motion for Partial Judgment on the Pleadings, Plaintiff alleges "[t]here is no dispute that Steripath has not been approved or cleared by the FDA." ECF No. 29 at 5-6, 12. Instead, Plaintiff argues that "[t]he issue is simply whether consumers are misled into believing Steripath has been reviewed or approved by the FDA when it has not." Id. at 12. Plaintiff further represents that: "if the issue of whether Steripath is properly characterized as a Class I device, not subject to 510(k) clearance were actually before this Court, [Plaintiff] would not contest that such an issue would be preempted and precluded by the FDCA." Id. at 13. Accordingly, in the present Motion, Plaintiff asserts RFPs Nos. 5-10 are relevant as to the narrow subject of "whether [Defendant]'s statements mislead consumers into believing the Steripath device has undergone FDA review, approval, or clearance." Mot. at 3.

Despite these representations however, Plaintiff's RFPs Nos. 5-10 are not confined to marketing documents or other documents directed to consumers.[1] The Requests are also not limited to internal documents relating to consumer outreach. None of the Requests even reference consumers.

Instead, RFP No. 5 requests all documents relating to "any statement" made by Defendant "that the Steripath device is available by prescription only." Mot., Ex. A at 7. RFP Nos. 6, 7, 9, and 10 request, respectively, all documents relating to: (1) "any evaluation regarding the FDA classification of the Steripath device"; (2) "regulation of the Steripath device by the FDA"; (3) "any determination that the Steripath device is a Class I device"; and (4) "any determination that the Steripath device is not a Class II device." Id. at 8-10.

---

[1] Indeed, the Court notes that Plaintiff's RFP No. 1 already requests "[a]ll advertising and marketing materials for the Steripath device." Mot., Ex. A at 4-5.

These requests, when read together, appear to seek virtually every document regarding the FDA classification and regulation of the Steripath device and any statement made by Defendant that the Steripath device is available by prescription only—without any explanation as to why these documents are relevant to Plaintiff's claims. This is especially true given Plaintiff's representations that the Steripath device's classification and regulation by the FDA is both: (1) not a disputed issue; and (2) not before this Court. ECF No. 29 at 5-6, 12-13.

RFP No. 8's relevance is even more tenuous. RFP No. 8 requests "all communications" between the Defendant "and the FDA relating to the Steripath device." Again, it is not apparent why Defendant's communications with the <u>FDA</u> are relevant to Plaintiff's claims Defendant made false and misleading claims to <u>consumers</u>, especially in light of Plaintiff's representations that the FDA's regulation and classification of the Steripath device is not before this Court.

Given Plaintiff's representations, the Court finds that Plaintiff's RFPs Nos. 5-10 are overbroad and Plaintiff has not offered any appropriate limitations. The Court declines to rewrite these RFPs for Plaintiff. Defendant's relevance objections as to RFP Nos. 5-10 are accordingly sustained.

## **CONCLUSION**

For the above reasons, the Court **DENIES** Plaintiff's request for an order compelling Defendant to produce documents responsive to RFP Nos. 5-10.

Defendant's request for a limited stay in discovery as to RFP Nos. 5-10 is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge

6

18cv1060-L-LL