UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURIN, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>MAGNOLIA MEDICAL TECHNOLOGIES, INC.,<br><br>                    Defendant. | Case No.: 3:18-cv-1060-L-LL<br><br>**ORDER DENYING MOTION TO SEAL** |

Pending before the Court is Plaintiff Kurin, Inc.'s ("Kurin") motion to seal portions of its memorandum of points and authorities and a deposition excerpt. (Doc. no. 97-1 ("Mot. to Seal").) Defendant Magnolia Medical Technologies, Inc. ("Magnolia") did not file an opposition. For the reasons stated below, the motion is denied.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).[1] The lack of opposition to a motion to

---

[1] Unless otherwise noted, internal quotation marks, citations, brackets, ellipses and footnotes are omitted throughout.

seal therefore does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard.  *Id*. at 1178.  The compelling reasons standard applies to documents filed in relation to any motion except a motion that is only "tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  "Under this exception, a party need only satisfy the less exacting 'good cause' standard" under Federal Rule of Civil Procedure 26(c).  *Id.* at 1097.

The documents Kurin requests to seal were filed in opposition to Magnolia's motion to voluntarily dismiss its counterclaims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), as opposed to dismissing them with prejudice.  (*See* doc. no. 95.)  The inquiry pursuant to Rule 41(a)(2) is tangentially related to the merits.  Accordingly, the Court applies the good cause standard.

Kurin initially argues that portions of its opposition brief and excerpts from the deposition of Bob Rogers should be sealed because the deposition is subject to a protective order and the opposition brief discusses the deposition.  (Mot. to Seal at 2.)  That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings.  *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co*., 340 F. Supp. 2d 1118, 1121 (D. Or. 2003).  By nature, protective orders are over inclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the judge typically does not have the opportunity to analyze whether any particular document should be sealed.  *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at

1133. Whether a document designated as confidential pursuant to a protective order should be sealed must therefore usually be determined *de novo*. See *Weyerhaeuser*, 340 F. Supp. 2d at 1121. Kurin's reliance on the protective order is insufficient to warrant sealing.

Kurin also argues that the documents should be sealed because they "include non-public descriptions of the operation of the Kurin Lock device and internal confidential business information, which could cause competitive harm if publicly known." (Mot. to Seal at 2.) "[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing," *Nixon,* 435 U.S. at 598, and sealing may be warranted to prevent court files from "becom[ing] a vehicle for . . . release of trade secrets." *Kamakana,* 447 F.3d at 1179; *see also* Fed. R. Civ. Proc. 26(c)(1)(G). Although it is apparent from review of the redacted portions of the documents (*cf.* docs. no. 99, 99-11 *with* 98, 98-1) that they describe the operation of the Kurin Lock device, the one-sentence explanation in Kurin's motion is insufficient to support a finding of good cause. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

For the foregoing reasons, Kurin's Motion to Seal is denied. If Kurin wishes to renew its motion, it must do so no later than **October 5, 2020**.

**IT IS SO ORDERED.**

Dated: September 28, 2020

Hon. M. James Lorenz
United States District Judge