UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURIN, INC.,<br><br>                                        Plaintiff,<br><br>v.<br><br>MAGNOLIA MEDICAL<br>TECHNOLOGIES, INC.,<br><br>                                        Defendant. | Case No.:  3:18-cv-1060-L-LL<br><br>**ORDER GRANTING MOTION FOR DISMISSAL OF COUNTERCLAIMS WITHOUT PREJUDICE** |

Pending before the Court in this false advertising action involving medical devices is Counterclaimant Magnolia Medical Technologies, Inc.'s ("Magnolia") Motion for Voluntary Dismissal of Counterclaims Without Prejudice (doc. no. 95).  Counterclaim Defendant Kurin, Inc. ("Kurin") filed an opposition and Magnolia replied.  The Court determines the motion without oral argument pursuant to Civil Local Rule 7.1.d.1.  For the reasons that follow, Magnolia's motion is granted.

This action involves claims and counterclaims alleging false advertising regarding the parties' competing blood sample collection devices.  The parties filed cross-motions for summary judgment resulting in summary adjudication of Kurin's claims in Magnolia's favor and in denial of Kurin's motion for summary judgment on Magnolia's

1  counterclaims.  (Doc. no. 85.)  The only claims remining in this action are Magnolia's
2  counterclaims.

3      Magnolia wishes to dismiss its counterclaims without prejudice.  Under Rule
4  41(a)(1), a plaintiff can voluntarily dismiss its claims without a court order either before
5  "the opposing party serves . . . an answer or a motion for summary judgment," or by
6  "stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. Proc.
7  41(a)(1).  Otherwise, "an action may be dismissed at the plaintiff's request only by court
8  order, on terms that the court considers proper.  . . . Unless the order states otherwise, a
9  dismissal under . . . paragraph (2) is without prejudice."  *Id.* 41(a)(2).  Because the time
10 for voluntary dismissal without court order has passed, and Kurin has not stipulated to
11 dismissal without prejudice, Magnolia requests an order of the Court to dismiss its
12 counterclaims without prejudice as provided by Rule 41(a)(2).

13     Kurin opposes Magnolia's motion.  It argues the counterclaims should either be
14 tried in this Court or dismissed with prejudice, so as to preclude Magnolia from litigating
15 them in another forum.  Shortly after filing the instant motion, Magnolia moved to amend
16 its complaint in a parallel patent infringement action which is pending between the same
17 parties in the District of Delaware ("Delaware Action").  Kurin maintains, and Magnolia
18 disputes, that Magnolia's proposed amended complaint in the Delaware Action restates
19 the counterclaims Magnolia seeks to voluntarily dismiss in this action.  Kurin argues that
20 granting Magnolia's pending motion to dismiss the counterclaims without prejudice
21 would be prejudicial to Kurin because it would have to litigate them anew in the
22 Delaware Action.

23      "When ruling on a motion to dismiss without prejudice, the district court must
24 determine whether the defendant will suffer some plain legal prejudice as a result of the
25 dismissal."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).  The
26 legal prejudice inquiry focuses "on the rights and defenses available to a defendant in
27 future litigation."  *Id.* at 97.  It is "prejudice to some legal interest, some legal claim, [or]
28 some legal argument."  *Id.*

2

Kurin argues it will suffer prejudice because it has already expended significant funds in prosecuting the counterclaims in this Court, including fact and expert discovery, and has begun preparation for trial. Kurin argues it will be prejudiced if Magnolia's motion is granted and Magnolia reasserts the same claims in the Delaware Action, because Kurin will have to litigate them in Delaware. This argument is unavailing.

First, Kurin admits the parties have stipulated that any discovery taken in this action can be used in the Delaware action. (Doc. no. 105 ("Opp'n") at 7.) Accordingly, there is no risk of unnecessary expense due to duplicative discovery.

Second, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage . . .." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) ("the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice"); *see also Hamilton*, 679 F.2d at 146 & n.1. Similarly, plain legal prejudice does not arise from "significant expense in preparing and filing . . . pleadings," or even asserting that trial preparation had already begun. *Hamilton*, 679 F.2d at 145-46; *Westlands Water Dist.*, 100 F.3d at 97 ("the expense incurred in defending against a lawsuit does not amount to legal prejudice"). For example, in *Hamilton* the appellate court affirmed dismissal without prejudice to allow the plaintiff to pursue pending parallel litigation in another court after the defendant had incurred expenses by filing counterclaims and proceeding with discovery in the first action. 679 F.2d at 145. Kurin has not shown that dismissal of Magnolia's counterclaims without prejudice will cause Kurin to suffer "plain legal prejudice."

Kurin also argues that the Court should dismiss the counterclaims with, rather than without, prejudice. In this regard, a "district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maximum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 Fed. App'x. 664, 666 (9th Cir. 2008 (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988)). Kurin suggests this

is the case here because Magnolia failed to provide any discovery on the issue of damages -- a contention Magnolia disputes.  On its face, Kurin's contention is a far cry from a "near-certain adverse ruling."  Kurin's summary judgment motion on Magnolia's counterclaims was denied in its entirety because Kurin failed to meet its burden of showing that Magnolia had no evidence to support its claims.  (Doc. no. 85 at 41-42.)  Unlike in *Terrovona*, no adverse rulings on the merits have been issued against Magnolia, 852 F.2d at 429 (request for dismissal without prejudice made after an adverse magistrate judge report and recommendation), and unlike in *In re The Exxon Valdez*, cited by Kurin (Opp'n at 11), Magnolia is not facing dismissal of its counterclaims as a sanction for discovery violations, 102 F.3d 429, 432 (9th Cir. 1988).

Finally, Kurin's claim-splitting argument, based on *Adams v. California Department of Health Services*, 487 F.3d 684 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), is not addressed to the proper forum.  (*See* Opp'n at 19.)  As in *Adams*, the argument should be raised in the Delaware Action.  *See Adams*, 487 F.3d at 688-89 (claim splitting analysis conducted in second action based on the claims alleged therein).  This Court expresses no opinion regarding Kurin's claim-splitting argument.

For the reasons stated above, Magnolia's motion is granted.  Magnolia's counterclaims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IT IS SO ORDERED.**

Dated:  December 24, 2020

Hon. M. James Lorenz
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3:18-cv-1060-L-LL